UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SUSAN LLOYD,                                 :
        Plaintiff,                          :
                                             :
v.                                           :   No. 5:25-cv-4512
                                             :
JUDGE DENIS COHEN; 1ST JUDICIAL              :
DISTRICT COURT OF COMMON PLEAS;              :
PETER DIVON; JAMES GREEN;                    :
and HARRISON HAGELGANS;                      :
        Defendants.                         :
_____

**O P I N I O N**
**Motion to Dismiss by BBC Defendants,[1] ECF No. 27 - Granted**
**Motion to Dismiss by Court Defendants,[2] ECF No. 28 - Granted**
**Motion to Dismiss by Defendant Divon, ECF No. 29 - Granted**

**Joseph F. Leeson, Jr.**                                          **March 11, 2026**
**United States District Judge**

## I.  INTRODUCTION

The instant litigation arises out of a civil action Plaintiff Susan Lloyd filed in the state court in which the Defendants named herein had various legal roles.  Lloyd disagrees with the state court judge's rulings and complains about the conduct of a court employee and of the defense lawyers.  For the reasons set forth below, Defendants' Motions to Dismiss are granted.

## II.  BACKGROUND

### A.  Procedural History

Lloyd initiated the above-captioned action based on federal question jurisdiction on

---

[1]     The "BBC Defendants" include James Green, Esquire and Harrison Hagelgans, Esquire at BBC Law, LLP.
[2]     The "Court Defendants" include the Honorable Judge Cohen and the First Judicial District of Pennsylvania ("FJD").

1
031026

August 6, 2025, against the following defendants: the Honorable Judge Cohen, the First Judicial District of Pennsylvania ("FJD"), Peter Divon, James Green, Esquire, and Harrison Hagelgans, Esquire. *See* ECF Ni. 1.  The Honorable Judge Cohen and the FJD ("Court Defendants"), James Green, Esquire and Harrison Hagelgans, Esquire at BBC Law, LLP ("BBC Defendants"), and Peter Divon each filed a Motion to Dismiss. *See* ECF No. 19-21.  These Motions were dismissed as moot on October 14, 2025, *see* ECF No. 23, after Lloyd filed an Amended Complaint, *see* Am. Compl., ECF No. 22.

In the one hundred twelve (112) page Amended Complaint naming the same Defendants, Lloyd asserts the following four causes of action:[3] (I) a violation of her First Amendment right of access to courts, *see* Am. Compl. ¶¶ 34-446; (II) a violation of her rights to a jury trial under the Seventh Amendment and Article I, Section 6 of the Pennsylvania Constitution, *see id.* ¶¶ 447-596; (III) ) a violation of her of Fourteenth Amendment due process rights, *see id.* ¶¶ 597-732; and (IV) a violation of 42 U.S.C. § 1985(2), *see id.* ¶¶ 733-853.  Lloyd seeks monetary relief, declaratory relief that Defendants violated her rights, and injunctive relief in the form of orders voiding the state court action, reinstating her claims, and directing the FJD to provide a fair and impartial tribunal to hear her complaint.  *See id.* ¶¶ 854-866.

Defendants responded by filing Motions to Dismiss.  *See* BBC Mot., ECF No. 27; Court Mot., ECF No. 28; Divon Mot., ECF No. 29.  Lloyd timely filed briefs in opposition.[4]  *See* ECF Nos. 31-34.  Divon filed a reply.  *See* ECF No. 35.  Two and a half months later, Lloyd, without leave of Court, filed a supplemental opposition brief.  *See* ECF No. 36.

---

[3]  The first three claims are brought pursuant to 42 U.S.C. § 1983.
[4]  Although docketed as a response in opposition to the BBC Defendants' Motion to Dismiss, Lloyd's filing at ECF No. 30 was incorrectly filed in this Court.  It is addressed to the FJD and is a motion for summary judgment against the Hickory defendants, who are not parties in the instant action.

B.  **Factual Allegations**

The pertinent[5] factual allegations in the Amended Complaint are as follows:  Lloyd filed an action in the FJD against the Hickory Vet and related defendants for allegedly killing her service dog.  *See* Am. Compl. ¶¶ 1, 3.  Defendant Judge Cohen was assigned to handle, and did decide, various motions, including discovery and dispositive motions.[6]  *See id., e.g.* ¶¶ 2, 21.  *See also* Docket 41-101, ECF No. 29-3.  Defendant Divon, an employee of the FJD, was the manager of the discovery court program.  *See* Am. Compl. ¶ 4.  Defendants Green and Hagelgans were the lawyers representing the Hickory defendants.  *Id.* ¶¶ 5-6.

Lloyd alleges Judge Cohen held a hearing "despite knowing that Green and Hagelgans refused to serve any other party to the matter and knowing that he did not have enough time in his day to properly hold the hearing."  *Id.* ¶ 21.  Lloyd complains Judge Cohen did not allow her to present her case, cut her off while speaking, directed Divon to mute her microphone, made "prejudicial comments" towards her, and "threatened Lloyd with sanctions for no just cause."  *Id.* ¶ 22.  Lloyd disagrees with Judge Cohen's discovery rulings and orders, which included dismissing her case, and alleges that Judge Cohen allowed Green and Hagelgans to commit

---

[5]    Lloyd's 112-page Amended Complaint contains numerous allegations that are only summarized herein.  All her allegations, even those not specifically mentioned herein, have been considered by the Court in deciding the Motions to Dismiss.  However, Lloyd's conclusory allegations, of which there are many, *see, e.g.* Am. Compl. ¶ 386 (alleging "Green, Hagelgans, Cohen, the court and Divon all conspired to deprive Lloyd of her known constitutional rights"), are not entitled to the presumption of truth, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  This Court also notes that many of the allegations are made against all Defendants collectively, *see, e.g.* Am. Compl. ¶ 365 (alleging "Cohen, the court, Divon, Green and Hagelgans all ignored Lloyd . . ."), which may be insufficient to state a claim, s*ee In re Processed Egg Prods. Antitrust Litig.*, 821 F. Supp. 2d 709, 720 (E.D. Pa. 2011) ("Conclusory, collective language is too convenient, too undisciplined, and too unfocused in light of exposures to litigation expense and disruption (even without ultimate liability) that are so great in antitrust (and other) cases.").

[6]    All allegations relate to Defendants' actions taken in the state court case.

perjury. *Id.* ¶¶ 23-26, 30-31. Lloyd's claims against Divon arise largely from him allegedly following Judge Cohen's directions to mute Lloyd's microphone during a hearing and from his directions to Lloyd in compliance with a court order. *Id.* ¶¶ 247, 598.

Lloyd alleges that Green and Hagelgans filed a "frivolous" motion to obtain confidential settlement agreements, tried to obtain ten (10) years of Lloyd's medical records for a "nefarious purpose to investigate [her] disability claims," sought answers to an "abus[ively]" high number of interrogatories on irrelevant issues, "abuse[d]" the discovery process, "refused" to provide Lloyd the discovery she needed to support her claims, and misrepresented facts to the court. *Id.* ¶¶ 18-20, 26-30, 71, 342. Lloyd alleges that the actions of the BBC Defendants, who allegedly conspired with Judge Cohen, the FJD, and Divon, denied her access to the courts, denied her a right to a trial by jury, and violated her due process rights in the state action. She suggests that they treated her differently because of her pro se status, allegedly in violation of her equal protection rights. *Id.* ¶¶ 455-456.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss – Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted). This Court construes *pro se* pleadings liberally. *See Higgs v. AG of the United States*, 655 F.3d 333, 339 (3d Cir. 2011). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 540, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.*  (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").

"[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). *See also Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010) ("In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (holding that "a document integral to or explicitly relied upon in the complaint may be considered" (internal quotations omitted)).  Courts may also consider "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.   **Section 1983 Claims – Review of Applicable Law**

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by

the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Whether a defendant is acting under color of state law, depends on whether there is "such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted).  "To demonstrate a conspiracy under § 1983, a plaintiff must show that two or more conspirators reached an agreement to deprive him or her of a constitutional right 'under color of law.'" *Parkway Garage, Inc. v. City of Phila.*, 5 F.3d 685, 700 (3d Cir. 1993) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).  "The plaintiff must make specific factual allegations of combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events." *Hammond v. Creative Fin. Planning Org., Inc.*, 800 F. Supp. 1244, 1249 (E.D. Pa. 1992).  A complaint must allege particular and exacting facts that demonstrate the "period of the conspiracy, object of the conspiracy, and certain other actions of the alleged conspirators to achieve the purpose." *Moore v. Solanco Sch. Dist.*, 471 F. Supp. 3d 640, 660 (E.D. Pa. 2020) (quoting *Germantown Cab Co. v. Phila. Parking Auth.*, No. 14-4686, 2015 U.S. Dist. LEXIS 106449, 2015 WL 4770722, at *10 (E.D. Pa. Aug. 12, 2015) (quoting *Marchese v. Umstead*, 110 F. Supp. 2d 361, 371 (E.D. Pa. 2000))).

      C.      **42 U.S.C. § 1985(2) - Review of Applicable Law**

Section 1985(2) provides:

> **Obstructing justice; intimidating party, witness, or juror.** If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified. . . . or if two or more persons conspire for the purpose of

> impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). This subsection has two clauses, which are separated above by the ellipsis. The first clause "addresses conspiracies interfering with [parties or] witnesses in federal court," while the second clause addresses conspiracies to "obstruct[] justice in state courts in order to deny any citizen equal protection of the laws." *Okpor v. Rutgers*, No. 05-129, 2005 U.S. Dist. LEXIS 18422, at *29 n.11 (D.N.J. Aug. 23, 2005). *See also Kimble v. D. J. McDuffy, Inc.*, 623 F.2d 1060, 1070 (5th Cir. 1980) ("The term 'any court of the United States' does not mean any court physically located in the United States, but rather denotes courts that are part of the federal judicial system.").

### D. Immunity – Review of Applicable Law

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). "Individual state employees sued in their official capacity are [] entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

Pursuant to section 11 of Article 1 of the Constitution of Pennsylvania, the "Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." *See* 1 Pa. C.S. § 2310. A state's waiver of immunity must "be unequivocally expressed." *Pennhurst State Sch. & Hosp.*

*v. Halderman*, 465 U.S. 89, 99 (1984). *See also* 42 Pa. C.S. § 8522(b) (listing the nine areas in which immunity has been waived). "Pennsylvania has accepted the Restatement (Second) of Agency's definition of conduct 'within the scope of employment.'" *Brumfield v. Sanders*, 232 F.3d 376, 380 (3d Cir. 2000) (citing *Butler v. Flo-Ron Vending Co.*, 557 A.2d 730 (Pa. Super. 1989)). The Restatement provides: "Conduct of a servant is within the scope of employment if, but only if: (a) it is of the kind he is employed to perform; (b) it occurs substantially within the authorized time and space limits; [and] (c) it is actuated, at least in part, by a purpose to serve the master. . . ." Restat 2d of Agency, § 228. "Sovereign immunity applies to claims advanced against Commonwealth employees in both their official and their individual capacities." *Maples v. Boyd*, No. 03-6325, 2004 U.S. Dist. LEXIS 15988, at *25 (E.D. Pa. Aug. 9, 2004).

E.   **Judicial Immunity - Review of Applicable Law**

"[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages. Accordingly, judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991) (internal citation omitted). Judicial "immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Bernard v. Ignelzi*, No. 25-1245, 2025 U.S. App. LEXIS 34072, at *5 (3d Cir. Dec. 31, 2025). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Supreme Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Bernard*, 2025 U.S. App. LEXIS 34072, at *5 (internal citations omitted)). "Generally, . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v.*

*Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).  Judicial immunity extends to suits for money damages and to suits for declaratory and injunctive relief.  *See Bernard*, 2025 U.S. App. LEXIS 34072, at *5 (citing *Mireles*, 502 U.S. at 9 (money damages); *Allen v. DeBello*, 861 F.3d 433, 439 (3d Cir. 2017) (declaratory and injunctive relief)).  Because judges must feel free to act without fear of incurring personal liability for their actions in court, judicial immunity remains in force even if the actions are alleged to be legally incorrect, in bad faith, malicious, or corrupt, *Mireles*, 502 U.S. at 11-12, or are taken as a result of a conspiracy with others.  *Dennis v. Sparks*, 449 U.S. 24, 27 (1980).

IV.     **ANALYSIS**

    A.     **The Court Defendants and Divon are dismissed as immune.**

The Court Defendants and Divon are entitled to immunity under the Eleventh Amendment.  *See MCI Telecomm. Corp. v. Bell Atl.-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001) (The Eleventh "amendment has been interpreted to make states generally immune from suit by private parties in federal court.").  First, the FJD is "an integral component" of Pennsylvania's unified state judicial system.  *See Benn v. First Judicial Dist.*, 426 F.3d 233, 240-41 (3d Cir. 2005) (reasoning that "[f]rom a holistic analysis of the Judicial District's relationship with the state, it is undeniable that Pennsylvania is the real party in interest in [the plaintiff's] suit and would be subjected to both indignity and an impermissible risk of legal liability if the suit were allowed to proceed").  The FJD therefore "has Eleventh Amendment immunity which functions as an absolute bar" to suit.  *Id.* at 241.

Judge Cohen, to the extent he is sued in his official capacity, is "entitled to immunity under the Eleventh Amendment."  *Scarbo v. Athena*, No. 25-2250, 2025 U.S. App. LEXIS

31242, at *4 (3d Cir. Dec. 2, 2025) (concluding that in her official capacity, "the judge, like the named judicial defendant, is entitled to immunity under the Eleventh Amendment"). Judicial immunity further protects Judge Cohen in both his official and personal capacity. *See id.* (finding that the judge was "protected by judicial immunity" in his personal capacity); *Dongon v. Banar*, 363 F. App'x 153, 155 (3d Cir. 2010) (holding that "judges are entitled to absolute immunity from liability based on actions taken in their official judicial capacity"). Neither exception to judicial immunity applies here because: (1) Judge Cohen had jurisdiction over Lloyd's state court action, *see Stump*, 435 U.S. at 356 ("[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge."), and (2) Judge Cohen's alleged actions were taken in his judicial capacity, *see Malhan v. Katz*, 830 F. App'x 369, 370 (3d Cir. 2020) (explaining that "courtroom practices—calling and directly examining witnesses, prohibiting [a party] from conducting cross-examination or calling his own witnesses, and declining to listen to an audio recording offered by [a party] as rebuttal evidence—were all done in an adjudicative capacity"). *See also Stump*, 435 U.S. at 363-64 ("Disagreement with the action taken by the judge, however, does not justify depriving that judge of his immunity. . . . The fact that the issue before the judge is a controversial one is all the more reason that he should be able to act without fear of suit.");[7] *Rashid v. Monteverde & Hemphill*, No. 95-2449, 1997 U.S.

---

[7] At one time, "absolute judicial immunity extend[ed] only to claims for damages." *Larsen v. Senate of the Commonwealth*, 152 F.3d 240, 249 (3d Cir. 1998). However, in 1996, Congress passed the Federal Courts Improvement Act, amending Section 1983 to provide for injunctive or declaratory relief only in certain circumstances. *See Allen*, 861 F.3d at 439 (citing 42 U.S.C. § 1983). *See also Swenson v. Vedder*, No. 24-2652, 2025 U.S. App. LEXIS 11602, at *1 (3d Cir. May 14, 2025) ("Without a valid § 1983 claim, the § 1985 conspiracy claim failed for lack of allegations of a conspiracy."). Such circumstances are not present here because Judge Cohen acted only as an arbiter of the law without a personal stake in the outcome. *See Allen*, 861 F.3d at 440 (explaining that a judge who played no role in a law's enactment and did not initiate its enforcement, could not be sued under § 1983 for declaratory or injunctive relief). Moreover, "the Supreme Court has articulated a longstanding public policy against federal court

Dist. LEXIS 8870, at *20 (E.D. Pa. June 24, 1997) (determining that the civil rights claims against the presiding judge were barred by the doctrine of judicial immunity because the challenged events occurred while the judge was acting within his judicial power).

Divon, an employee of the FJD, was the manager of the discovery court program and, according to Lloyd, acted at the direction of Judge Cohen and followed his orders.  Divon, who was acting in the scope of his employment, is also protected by the immunity afforded to the FJD and to Judge Cohen.  *See Kennedy v. N.J. Court Sys.*, No. 24-2826, 2026 U.S. App. LEXIS 3827, at *5-6 (3d Cir. Feb. 6, 2026) (holding that the claims against the court employees were not actionable because the court's employees "are part of the unified state-based court system, which, as an arm of the state, is entitled to Eleventh Amendment immunity" (internal citations omitted)).

The Court Defendants and Divon are immune and are therefore dismissed.

**B.     The BBC Defendants are dismissed for Lloyd's failure to state a claim.**

The BBC Defendants, whose complained-of conduct occurred during their representation of the Hickory defendants in the Pennsylvania court case, are not state actors, as is required to support the § 1983 claims against them.  *See Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court.").  To the extent Lloyd alleges that the BBC Defendants conspired with state actors, the claim fails because immunity precludes a valid claim against these state actors (the Court Defendants and Divon).  *See Waits v. McGowan*, 516 F.2d 203, 205 (3d Cir. 1975) (holding that "a private person alleged to have

---

interference with state court proceedings and instructs federal courts to refrain from taking any action in cases where the federal plaintiff has or had adequate redress in state proceedings." *Dongon*, 363 F. App'x at 156 (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971)).

conspired with a state judge and attorney who are entitled to immunity cannot be held liable, since he is not conspiring with persons acting under color of law against whom a valid claim could be stated" (citations omitted)).  Moreover, Lloyd's allegations of a conspiracy are conclusory and therefore insufficient.  *See Scarbo*, 2025 U.S. App. LEXIS 31242, at *3 (determining that the plaintiff failed to raise any plausible allegation that the attorney-defendants "colluded with the state court or took actions outside their traditional functions in the legal process").  The Amended Complaint alleges that all Defendants "had a meeting of the minds," but "fails to allege any facts, whether particular or generalized, that plausibly allege any meeting of the minds between Defendants."  *See Chruby v. Kowaleski*, 534 F. App'x 156, 160 (3d Cir. 2013) (holding that a plaintiff must allege facts that plausibly suggest a meeting of the minds); *Williams v. City of Allentown*, No. 5:17-cv-04910, 2018 U.S. Dist. LEXIS 130451, at *26-27 (E.D. Pa. Aug. 3, 2018) (dismissing the § 1985 conspiracy claim for failure to allege facts showing a meeting of the minds); *Plouffe v. Gambone*, No. 11-6390, 2012 U.S. Dist. LEXIS 85405, at *17 (E.D. Pa. June 20, 2012) (dismissing the § 1983 claims because there were no facts connecting the defendant's actions or failure to act with state actors, suggesting a meeting of the minds, or otherwise supporting a plausible inference of conspiracy).  For this reason, the § 1983 claims, which require state action, as well as the § 1985(d) claim,[8] which requires a conspiracy, fail to state a claim.  The BBC Defendants are therefore dismissed.

---

[8]   The § 1985(2) claim also fails because Lloyd's unrepresented status is not afforded equal protection and because the alleged conspiracy took place in state, not federal, court.  *See Dupree v. Bright*, No. 25-3230, 2026 U.S. Dist. LEXIS 15883, at *14 (E.D. Pa. Jan. 28, 2026) (holding that "pro se status is not a protected class"); *Sheehan v. Mellon Bank, N.A.*, No. 95-2969, 1995 U.S. Dist. LEXIS 13457, at *5-6 (E.D. Pa. Sep. 7, 1995) (determining that the first clause of subsection (2) was inapplicable because the plaintiffs did not allege that the defendants conspired to deter anyone from "physically attending federal court or otherwise providing testimony in a federal action").

V.   **CONCLUSION**

For the reasons set forth herein, the Court Defendants and Divon are immune from suit and therefore dismissed. The BBC Defendants, who are private parties, are also dismissed because the immunity of the state actors precludes Lloyd's § 1983 conspiracy claims against the BBC Defendants. The conspiracy allegations in the Amended Complaint, with the state court defendants and among the BBC Defendants themselves, are conclusory and fail to state a claim. For this reason and because of Lloyd's failure to allege interference in federal court or obstruction with a right/attribute that is afforded equal protection of the law, the § 1985(2) also fails. All claims and Defendants are therefore dismissed with prejudice.[9]

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

[9] For the reasons set forth herein and because Lloyd previously amended her complaint after receiving notice of Defendants' arguments to dismiss, this Court finds that leave to amend would be futile. *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that a court may deny leave to amend if a complaint is vulnerable to 12(b)(6) dismissal, if an "amendment would be inequitable or futile"); *Krantz v. Prudential Invs. Fund Mgmt. LLC*, 305 F.3d 140, 144-45 (3d Cir. 2002) ("A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them."), *cert. denied* 537 U.S. 1113 (2003); *Rufo v. Fox*, No. 21-3318, 2022 U.S. App. LEXIS 30518, at *8 (3d Cir. Nov. 3, 2022) (agreeing with the district court that the judges were "immune from suit for both monetary damages and injunctive relief, and that amendment would be futile").