UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

SUSAN LLOYD,                                    :
          Plaintiff,                          :
                                 :
          v.                                      :    No. 5:25-cv-4512
                                 :
JUDGE DENIS COHEN; 1ST JUDICIAL      :
DISTRICT COURT OF COMMON PLEAS; :
PETER DIVON; JAMES GREEN;             :
and HARRISON HAGELGANS;              :
          Defendants.                         :

_____

**O P I N I O N**
**Motion to Vacate, ECF No. 39 - Denied**

**Joseph F. Leeson, Jr.**                                    **May 14, 2026**
**United States District Judge**

## I.      BACKGROUND

The § 1983 civil rights complaint filed in the above-captioned action arose out of a civil

action Plaintiff Susan Lloyd filed in the state court in which the Defendants named herein had

various legal roles.  Lloyd disagreed with the state court judge's rulings and complained about

the conduct of a court employee and of the defense lawyers.  On March 11, 2026, this Court

issued an Opinion and Order granting Defendants' Motions to Dismiss all claims.  That Opinion

dismissed Defendants Judge Cohen, the First Judicial District of Pennsylvania ("FJD"), and

Divon as immune from suit.  This immunity also barred the § 1983 conspiracy claims against the

BBC Defendants (James Green, Esquire and Harrison Hagelgans, Esquire at BBC Law, LLP),

who are private parties.  *See* Opn., ECF No. 37.  The Opinion explained that the remaining

claims against the BBC Defendants were dismissed because the allegations failed to state a

claim.  The case was closed.

On March 11, 2026, Lloyd filed a Motion to Vacate that decision. *See* Mot., ECF No. 39. Lloyd asserts, *inter alia*, that this Court denied her due process by failing to hold oral argument and by not allowing her to conduct discovery, *see id.* ¶¶ 2-3, and that a motion to dismiss is unconstitutional, *see id.* ¶¶ 79-92. She also disagrees with the application of immunity, *see id.* ¶¶ 4-45, and this Court's conclusion that her allegations failed to state a claim, *see id.* ¶¶ 46-78. Thereafter, Defendants filed briefs in opposition, *see* ECF Nos. 40 and 42, and Lloyd filed a reply to one of the briefs, *see* ECF No. 41.

## II.    LEGAL STANDARDS

### A.    Motion for Reconsideration – Review of Applicable Law

"The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration "is not properly founded on a request that the Court rethink what [it] had already thought through—rightly or wrongly." *Pollock v. Energy Corp. of Am.,* 665 F. App'x 212, 218 (3d Cir. 2016) (internal quotations omitted). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Cont'l Casualty Co. v. Diversified Indus.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995).

**B.**      **Eleventh Amendment Immunity – Review of Applicable Law**

"[T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). "This protection from suit extends to state agencies as well as state officials sued in their official capacities for monetary damages." *A.W. v. Jersey City Pub. Sch.*, 341 F.3d 234, 238 (3d Cir. 2003). "Individual state employees sued in their official capacity are [] entitled to Eleventh Amendment immunity because 'official-capacity suits generally represent only another way of pleading an action' against the state." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010) (quoting *Hafer v. Melo*, 502 U.S. 21, 25 (1991)).

"Eleventh Amendment immunity is subject to three exceptions: 1) congressional abrogation, 2) state waiver, and 3) suits against individual state officers for prospective relief to end an ongoing violation of federal law." *MCI Telecomm. Corp. v. Bell Atl.-Pennsylvania*, 271 F.3d 491, 503 (3d Cir. 2001). Under the third exception, which is based on the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), the "relief sought must be prospective, declaratory, or injunctive relief governing an officer's future conduct and cannot be retrospective, such as money damages," *MCI Telecomm. Corp.*, 271 F.3d at 506 (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 102-03 (1984)). The plaintiff has the "burden of showing a substantial likelihood that he was likely to suffer some future injury at the hands of a named party." *O'Callaghan v. X*, 661 F. App'x 179, 182 (3d Cir. 2016).

### III.    ANALYSIS[1]

Lloyd's Motion to Vacate does not present an intervening change in the law or new evidence relevant to her claims against Defendants, nor does it show the need to correct a clear error of law or fact or to prevent manifest injustice. *See Max's Seafood Cafe by Lou-Ann, Inc.*, 176 F.3d at 677. Lloyd simply disagrees with this Court's conclusions, asserts legally incorrect statements of law, and offers no authority to support her arguments. The legal authority she does cite is largely misapplied to her case or its holding is misrepresented. For example, Lloyd alleges that this Court "went against its own precedented [sic] case to dismiss this case" and cites to *H.C. v Chudzik* for the holding that "a judge is not immune and can be held liable when constitutional rights are Violated [sic]." *See id.* ¶¶ 27-28 (citing *H.C. v. Chudzik*, No. 5:22-cv-01588-JMG, 2023 U.S. Dist. LEXIS 56072, at *41 (E.D. Pa. Mar. 31, 2023)). However, the conclusion in *H.C.* that the judges were not immune was not based on the type of violation; rather, it was based on the type of relief sought. *See H.C.*, 2023 U.S. Dist. LEXIS 56072, at *41-42 (explaining the Eleventh Amendment did not bar the plaintiffs' claims for "prospective relief"). Nothing in this Court's Opinion dated March 11, 2026, contradicts the decision in *H.C.*

Unlike the plaintiffs in *H.C.*, who were criminal defendants being detained based on allegedly unconstitutional bail orders, Lloyd did not allege an ongoing or future violation of federal law. *Cf H.C.*, 2023 U.S. Dist. LEXIS 56072, at *41-42 (finding that the plaintiffs sought prospective relief based on allegations of "ongoing violations of federal law" and that the "ongoing violation alleged is their continued detention"). Rather, Lloyd's requested relief

---

[1] Although this Court has considered all of Lloyd's arguments to vacate, this Opinion is written to address only a few of her assertions. Lloyd's remaining arguments are denied for the reasons set forth in the March 11, 2026 Opinion, which is incorporated in its entirety herein, or because they are baseless and no response is needed, *see, e.g.* Mot. ¶ 7 (asserting that "immunity is unconstitutional") and ¶ 79 (stating that a "motion to dismiss is unconstitutional").

(improperly labeled as prospective) sought to remedy past harms. *See* Am. Compl. ¶ 855 (seeking "[p]rospective relief telling Philadelphia court that all of Lloyds [sic] claims must be reinstated and heard by a fair and impartial tribune"), ¶ 856 (requesting "[d]eclaratory relief with an order stating that Cohen, Divon, the court, Green and Hagelgans violated Lloyds" [sic] constitutional rights), ¶ 858 (seeking "[r]eversal of Cohen and the courts orders dismissing Lloyds claims. . . " [sic]). The immunity exception for suits against individual state officers for prospective relief therefore did not apply here. *See Thornton v. New Jersey*, No. 24-3084, 2026 U.S. App. LEXIS 5606, at *5-6 (3d Cir. Feb. 25, 2026) (finding that the immunity exception did not apply because the plaintiff "did not sufficiently plead an ongoing violation of federal law— her allegations related to past conduct, and to the extent that she claimed that she was at risk of further harm, her allegations were conclusory and speculative at best").

Moreover, to the extent Lloyd asked this Court to enjoin the state court proceedings and allow her claims to be heard, injunctive relief of this nature (even if prospective[2]) is not available under 42 U.S.C. § 1983. *See Wallace v. Abell*, 217 F. App'x 124, 127 (3d Cir. 2007) (holding that the complaint against the judge and court clerk was properly dismissed based on judicial immunity and because these judicial actors were "shielded from a suit for prospective relief under the Federal Courts Improvement Act, Pub.L. No. 104-317, 110 Stat. 3847 (1996)"). *See also* Opn. 10-11 n.7 (stating that "'the Supreme Court has articulated a longstanding public policy against federal court interference with state court proceedings and instructs federal courts to refrain from taking any action in cases where the federal plaintiff has or had adequate redress

---

[2]    *But see O'Callaghan v. X*, 661 F. App'x 179, 182 (3d Cir. 2016) (The plaintiff has the "burden of showing a substantial likelihood that he was likely to suffer some future injury at the hands of a named party.").

in state proceedings.' *Dongon*, 363 F. App'x at 156[3] (citing *Younger v. Harris*, 401 U.S. 37, 43 (1971))").

## IV.     CONCLUSION

For the reasons set forth herein and those discussed in the Opinion dated March 11, 2026, the Motion to Vacate is denied.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge

---

3       *Dongon v. Banar*, 363 F. App'x 153 (3d Cir. 2010)